**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

September 5, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *People of the State of New York v. Trump*, No. 24-2299

Dear Ms. Wolfe:

Defendant Donald J. Trump—the defendant in a criminal proceeding pending in Supreme Court, New York County—seeks an immediate administrative stay of an order of the U.S. District Court of the Southern District of New York (Hellerstein, J.) denying him leave to file an untimely second notice of removal under 28 U.S.C. § 1455(b). This Court should deny any administrative stay and, to the extent that it considers defendant's arguments at all, address them only after full briefing from the People.

### Background

On March 30, 2023, defendant was charged in New York state court with thirty-four counts of Falsifying Business Records in the First Degree, Penal Law § 175.10. Shortly after arraignment, defendant timely filed his first notice of removal under 28 U.S.C. § 1442(a)(1). On July 19, 2023, after an evidentiary hearing, the district court remanded the case to state court; defendant filed a notice of appeal but subsequently abandoned the appeal. *See New York v. Trump*, 683 F. Supp. 3d 334, 337 (S.D.N.Y. 2023), *appeal dismissed*, 2023 WL 9380793 (2d Cir. Nov. 15, 2023). On May 30, 2024, a jury found defendant guilty of all thirty-four counts. Sentencing is scheduled for September 18, 2024.

Under 28 U.S.C. § 1455(b)(1), a notice of removal of a criminal case must be filed within thirty days after arraignment and in any event before trial. A defendant may file a notice of removal after this deadline only if, "for good cause shown," the district court enters an order granting leave to file an untimely notice. *Id.* On September 3,

2024, defendant sought leave to file a second notice of removal in this criminal proceeding.[1] The district court issued an order denying leave to file, holding that defendant had failed to establish good cause (Ex. A). Defendant has now filed a notice of appeal from that order and sought a stay pending appeal and an administrative stay pending full briefing on his stay motion.[2]

### Discussion

This Court should deny any administrative stay. The People submit this letter to explain the reasons for denying such immediate relief. We also intend to file a more comprehensive response opposing defendant's request for a stay pending appeal.

As an initial matter, defendant mischaracterizes the nature of this appeal. Defendant's motion purports to seek a stay of "the district court's September 3, 2024 remand order." Def. Mot. ¶ 1. But the district court did not enter a remand order here because defendant never filed a proper notice of removal. Instead, as required by statute, defendant sought leave from the district court under 28 U.S.C. § 1455(b)(1) to file an untimely second notice of removal. *See* Dkt. Nos. 48-49, No. 23-3773 (S.D.N.Y. Sept. 3, 2024). In the order on appeal, the district court denied the motion, holding that "leave to remove the case is not granted" (Ex. A at 4). Thus, defendant is not appealing from and cannot seek any stay regarding a remand order, because the district court never entered one. Rather, the only order on appeal is the district court's denial of leave to file an untimely second notice of removal.

Properly understood, there is no basis whatsoever for any administrative stay of the actual order under appeal. First, defendant's only claimed injury is the prospect of further proceedings in his state criminal prosecution—including a post-trial ruling from the state criminal court and defendant's sentencing. *See* Def. Mot. ¶ 38. But a stay of the district court's order denying leave to file will have no effect on those proceedings. The sole effect of such a stay would be to restore the pendency of defendant's motion for leave to file an untimely second notice of removal. But the mere pendency of such a motion neither removes the state criminal case nor stays any aspect of the state criminal proceeding. Only a properly filed notice of removal could have such effects. By contrast, even with a stay of the order denying leave, defendant will *still* not have permission to file an untimely removal notice. There is thus no need for an administrative stay that will redress none of the purported injuries that defendant claims here.

---

[1] On August 29, 2024, defendant had purported to file the second notice of removal directly with the district court. Dkt. No. 46, No. 23-3773 (S.D.N.Y. Aug. 29, 2024). The district court appropriately rejected that filing because defendant had not yet obtained leave to file (Ex. C)

[2] Simultaneously with this motion, defendant requested that the district court also issue a stay. Dkt. Nos. 52-53, No. 23-3773 (S.D.N.Y. Sept. 4, 2024). The district court has not yet had the opportunity to rule on this request.

To the extent that defendant is seeking an administrative stay that would somehow *directly* affect the pending state criminal case, there is no authority for such free-standing injunctive relief against further state criminal proceedings. This Court and the Supreme Court have repeatedly recognized the "strong judicial policy against federal interference with state criminal proceedings." *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981); *see also O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (federal courts may not engage in "an ongoing federal audit of state criminal proceedings"); *Younger v. Harris*, 401 U.S. 37, 41 (1971) (describing "the national policy forbidding federal courts to stay or enjoin pending state court proceedings"); *Disability Rts. New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) ("Federal courts must abstain where a party seeks to enjoin an ongoing, parallel state criminal proceeding."). It would be extraordinarily disruptive and disrespectful to a "co-equal sovereign," *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002), for this Court to enjoin the final stages of a state criminal proceeding that has already proceeded to a jury verdict and is awaiting only post-verdict rulings and sentencing.

Second, this Court should decline to issue an administrative stay because this Court likely lacks jurisdiction to entertain defendant's appeal—and thus has no power to issue the interim relief that he has requested. Federal law provides that most remand decisions are "not reviewable on appeal or otherwise." 28 U.S.C. 1447(d). There is a narrow exception for "an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. §] 1442," which provides for federal-officer removal. *Id.* But the district court's order here was not an "order remanding a case"; instead, the court denied defendant leave to file an untimely second notice of removal. Nothing in the federal-removal statute provides that such an order is subject to any exception to the default no-appeal rule.

Third, even assuming that that there is appellate jurisdiction and that this Court could issue a stay that would affect the pending state criminal proceeding, there is still no reason for this Court to issue an immediate administrative stay. For one thing, the state court is already considering defendant's request to defer a ruling on his post-trial motion and to delay the sentencing hearing until after the election; the court has announced that it will issue a decision on that request today, September 5, 2024 (Ex. B). At minimum, this Court should give the state criminal court the opportunity to rule on defendant's requests for delay before issuing such relief on an interim basis without full briefing.

In addition, an immediate administrative stay is unnecessary because the events in the state criminal case that defendant seeks to avoid—the state criminal court's issuance of a decision on a pending motion, and the imposition of sentence—are not slated to occur until September 16 and September 18 respectively. There is more than enough time before those dates for the parties to fully brief the merits of the defendant's stay request and for a full motion panel of this Court to rule on that request. Toward that end, the People stand ready to file a response to defendant's motion on

3

any schedule that would be convenient for the panel. Given the lack of any imminent irreparable injury, this Court should await full briefing and consideration by a regularly constituted motion panel before addressing defendant's request for extraordinary interim relief.

Fourth, an administrative stay is not warranted because defendant's appeal would be meritless. The district court correctly concluded that there was no "good cause" to allow defendant to file a second notice of removal nearly one-and-a-half years after 28 U.S.C. § 1455(b)(1)'s thirty-day deadline. As the district court properly found, defendant's complaints about the district attorney's purported bias, the trial court's supposed conflict of interest, and that court's allegedly improper review of the immunity issue were nothing more than an improper effort to have a federal district court conduct appellate review of a state court's decisions (Ex. A at 2).

Moreover, the intervening Supreme Court decisions that defendant cites—including *Trump v. United States*, 144 S. Ct. 2312 (2024)—did not affect the basis of the district court's prior remand order. The district court previously found, in an opinion that defendant declined to appeal, that the conduct for which defendant faces state criminal charges involved "private, unofficial acts, outside the bounds of executive authority" (Ex. A at 3). The Supreme Court's recent ruling reaffirmed that "[a]s for a President's unofficial acts, there is no immunity." 144 S. Ct. at 2332. And although the Supreme Court separately held that certain evidence of "official conduct for which the President is immune" may not be introduced "even on charges that purport to be based only on his unofficial conduct," *id.* at 2341, the People have argued in their post-trial filings in state court that this holding has no bearing on the evidence presented in this case. In any event, even assuming that the People had introduced evidence that would be affected by the Supreme Court's ruling, the mere use of such evidence in the state criminal prosecution would not mean that the underlying criminal charges would necessarily "relat[e] to any act under color of such office," as would be required for federal-officer removal, 28 U.S.C. § 1442(a)(1). Courts "[l]ook[] to the heart of the indictment" to determine "a defendant's culpable 'act' for purposes of federal-officer removal." *State v. Meadows*, 88 F.4th 1331, 1344 (11th Cir. 2023). Under this standard, evidence that is merely relevant to criminal charges—and that is not even essential to defendant's conviction, as the People have argued in the state criminal court—has no bearing on federal-officer removal.

Finally, even if this appeal involved a proper notice of removal and a meritorious claim for removal (which it does not), this Court should decline to issue any administrative stay beyond what is already authorized by 28 U.S.C. § 1455(b)(3), which provides that the filing of a proper notice of removal "shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." In other words, at the very most, the state criminal court could be precluded here from entering final judgment on defendant's criminal conviction after sentencing. The court

4

should not, however, be prevented from otherwise proceeding with the state criminal proceeding, including by deciding pending post-trial motions.

                                            Respectfully submitted,

                                            /s/ Steven C. Wu

                                            Steven C. Wu
                                              Chief of Appeals
                                            Alan Gadlin
                                              Deputy Chief of Appeals
                                            Philip V. Tisne
                                              Assistant District Attorney

Cc: counsel of record (by ECF/ACMS)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
THE PEOPLE OF THE STATE OF NEW YORK,                          :
                                                              :         **ORDER AND OPINION**
        -against-                                             :         **DENYING MOTION FOR**
                                                              :         **LEAVE TO FILE REMOVAL**
DONALD TRUMP,                                                 :         **PAPERS**
                                                              :
                        Defendant.                            :         23 Civ. 3773 (AKH)
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Former President Donald Trump again seeks removal of the criminal case against him, from the Supreme Court of New York to this Court.[1] Upon removal, as the district judge to whom this case was assigned, my task, pursuant to 28 U.S.C. § 1455(b)(4), is to "examine the notice promptly," and if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," I am to "make an order for summary remand." If summary remand is not appropriate, I am to "order an evidentiary hearing to be held promptly and, after such hearing, [to] make such disposition of the prosecution as justice shall require." 28 U.S.C. § 1455(b)(5). Since Defendant filed his notice after he was tried, he must show "good cause" and seek "leave" from the district court "to file the notice at a later time." 28 U.S.C. § 1455(b)(1). The second notice may argue only "grounds not existing at the time of the original notice," or show "good cause" why the district court should "grant relief from the limitations" above stated. 28 U.S.C. § 1455(b)(2).

        Defendant seeks leave from this Court to file a second notice of removal. As to "good cause," he advances two grounds. First, he asserts that the New York courts were biased against

---

[1] Mr. Trump requests, in the alternative, that he be permitted to amend the First Removal Notice. Because the prosecution was completed through trial, this request is denied as academic.

1

him, resulting in an improper trial. As support for this argument, Trump writes that Judge Merchan had a conflict of interest in presiding over the trial, as evidenced by his daughter's statements concerning her father's views on politicians' use of twitter; by Judge Merchan's daughter's involvement in Vice President Kamala Harris's 2019 presidential campaign; and by Judge Merchan's prior financial contributions to Democratic politicians. Mr. Trump also states that Judge Merchan failed to conduct the proper pretrial review of the presidential immunity issue in light of intervening Supreme Court decisions, and prohibited Mr. Trump from pursuing interlocutory review of that decision. Second, Mr. Trump argues that *Trump v. United States*, 603 U.S. __ (No. 23-939, July 1, 2024) grants him immunity from prosecution.

This Court does not have jurisdiction to hear Mr. Trump's arguments concerning the propriety of the New York trial. "The jurisdiction possessed by the District Courts is strictly original." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). District courts may not reverse or modify state judgments, even those containing constitutional infirmities, because "[t]o do so would be an exercise of appellate jurisdiction." *Id.* at 415-16; *see also Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (discussing how federal courts generally lack jurisdiction over suits that are, in essence, appeals from state court judgments). Instead, the proper recourse for parties seeking to remedy alleged errors made during a state trial is to pursue a state appeal or, at the highest level, to seek review from the Supreme Court of the United States. *Id.* It would be highly improper for this Court to evaluate the issues of bias, unfairness or error in the state trial.[2] Those are issues for the state appellate courts. Accordingly, only the second ground argued by Mr. Trump deserves attention.

---

[2] Mr. Trump also implicitly requests that this Court enjoin the state sentencing set for September 18, 2024. For the same reasons set out in this paragraph under the Rooker-Feldman doctrine, this request is improper and outside of the district court's jurisdiction.

2

I.   **DISCUSSION**

In *Trump*, the Supreme Court held that a former President is entitled to absolute immunity from criminal prosecution for actions taken in exercise of his core constitutional powers, to at least presumptive immunity for acts within the outer perimeter of his official responsibility, and to no immunity for his unofficial acts. Criminal courts trying the former President are required to evaluate his actions to distinguish official from unofficial conduct. *Trump*, 603 U.S. at 17. The outer perimeter of the former President's official responsibilities extends to those actions that were "'not manifestly or palpably beyond his authority.'" *Id.* (citing *Blassingame v. Trump*, 87 F. 4th 1, 13 (D.C. Cir. 2023)). Private schemes with private actors, unconnected to any statutory or constitutional authority or function of the executive, are considered unofficial acts. *See id.* at 27-28.

I held in my Order and Opinion of July 19, 2023 (ECF No. 43) that "[h]ush money paid to an adult film star is not related to a President's official acts. It does not reflect in any way the color of the President's official duties." *Id.* at 13. My holding followed an evidentiary hearing where The People showed conclusively that Mr. Trump reimbursed Michael Cohen for advancing the hush money payments, including two checks signed in the White House by Mr. Trump. I held that Mr. Trump had not satisfied the burden of proof required to show the basis of removal. My holding of a hush money reimbursement remains true regardless of who has the burden, whether the People or Mr. Trump. Nothing in the Supreme Court's opinion affects my previous conclusion that the hush money payments were private, unofficial acts, outside the bounds of executive authority.

3

## II. CONCLUSION

It "clearly appears on the face of the notice and . . . exhibits attached thereto" that removal should not be permitted. Good cause has not been shown, and leave to remove the case is not granted. The Clerk shall terminate ECF No. 48.

SO ORDERED.

Dated: September 3, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4

# Exhibit B

| | |
|---|---|
| **From:** | Stephen Suhovsky |
| **To:** | Colangelo, Matthew; Hon. Juan M. Merchan; Michele D. Hendricks; Todd Blanche; Emil Bove; Kendra Wharton; Stephen Weiss; Susan Necheles; Gedalia Stern; Steinglass, Joshua; Hoffinger, Susan; Conroy, Christopher; Mangold, Rebecca; |
| **Subject:** | [EXTERNAL] RE: People v. Trump, Ind. No. 71543-23, re: People"s response to defendant"s adjournment request |
| **Date:** | Monday, August 19, 2024 11:46:51 AM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

The Court is in receipt of the Defendant's letter dated August 14, 2024 seeking an adjournment of sentencing until after the Presidential election. The Court is also in receipt of the People's letter dated August 16, 2024 that did not oppose or consent to the Defendant's application but provided the Court with factors to assist it when considering whether Defendant's request should be granted. The Court will render a decision on this request on or before September 5, 2024.


Stephen M. Suhovsky
Principal Law Clerk to the Hon. Juan M. Merchan
New York County Supreme Court, Criminal Term
100 Centre Street
New York, NY 10013


**From:** Colangelo, Matthew <ColangeloM@dany.nyc.gov>
**Sent:** Friday, August 16, 2024 4:36 PM
**To:** Hon. Juan M. Merchan ; Stephen Suhovsky ; Michele D. Hendricks ; Todd Blanche <todd.blanche@blanchelaw.com>; Emil Bove <emil.bove@blanchelaw.com>; Kendra Wharton <kendra.wharton@blanchelaw.com>; Stephen Weiss <stephen.weiss@blanchelaw.com>; Susan Necheles <srn@necheleslaw.com>; Gedalia Stern <gstern@necheleslaw.com>; Steinglass, Joshua <STEINGLASSJ@dany.nyc.gov>; Hoffinger, Susan <HoffingerS@dany.nyc.gov>; Conroy, Christopher <CONROYC@dany.nyc.gov>; Mangold, Rebecca <MangoldR@dany.nyc.gov>;
**Subject:** People v. Trump, Ind. No. 71543-23, re: People's response to defendant's adjournment request

Dear Justice Merchan,

The People respectfully submit the attached response to defendant's August 14, 2024 submission.

Using standard type-size and margins, this response slightly exceeds the Court's one-page limit. The People respectfully request leave to modestly exceed that page limit given the length of defendant's submission.

We will file a hard copy with the Clerk in Part 59 after defense counsel has an opportunity to review and request any redactions.

Respectfully submitted,
Matthew Colangelo

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

Please be CAREFUL when clicking links or opening attachments from external senders.

# Exhibit C

| From: | NYSD_ECF_Pool@nysd.uscourts.gov |
|---|---|
| To: | CourtMail@nysd.uscourts.gov |
| Subject: | [EXTERNAL] Activity in Case 1:23-cv-03773-AKH People of The State of New York v. Trump Notice to Attorney Regarding Deficient Pleading |
| Date: | Friday, August 30, 2024 4:16:49 PM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 8/30/2024 at 4:15 PM EDT and filed on 8/30/2024
**Case Name:** People of The State of New York v. Trump
**Case Number:** 1:23-cv-03773-AKH
**Filer:**
**WARNING: CASE CLOSED on 07/19/2023**
**Document Number:** No document attached

**Docket Text:**
**\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Emil Bove to RE-FILE re: Document No. [46] Notice of Removal. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the pleading is not correct; the wrong event type was used to file the pleading; Court's leave has not been granted; the order granting permission to file the pleading was not attached. Re-file the pleading using the event type Amended Notice of Removal found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. File the Exhibit to Pleading event found under the event list Other Documents and attach either opposing party's written consent or Court's leave. (vf)**

**1:23-cv-03773-AKH Notice has been electronically mailed to:**

Susan D. Hoffinger    hoffingers@dany.nyc.gov

Susan Rose Necheles    srn@necheleslaw.com

Matthew Colangelo    colangelom@dany.nyc.gov

Todd Blanche    toddblanche@blanchelaw.com

Philip Vyse Tisne    tisnep@dany.nyc.gov

Emil Bove    emil.bove@blanchelaw.com, USANYS.ECF@USDOJ.GOV

Steven Chiajon Wu    wus@dany.nyc.gov

Catherine McCaw    mccawc@dany.nyc.gov

Katherine Caldwell Ellis    ellisk@dany.nyc.gov

Christopher Conroy, I    conroyc@dany.nyc.gov

**1:23-cv-03773-AKH Notice has been delivered by other means to:**