

**EMIL BOVE**
Emil.Bove@blanchelaw.com
(212) 716-1250

September 9, 2024

Via CM/ECF
Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit

     **Re:**    **New York v. Trump, No. 24-2299**

Dear Ms. O'Hagan Wolfe:

     We respectfully submit this supplemental authority letter on behalf of Defendant-Appellant President Donald J. Trump relating to the pending stay motion, *see* Docket Entry 7, to inform the Court of two developments on September 6, 2024. First, the district court denied the related stay motion that President Trump filed on September 4, 2024. *See id.* at 4 n.1. Second, Justice Merchan adjourned the planned date for his decision on President Trump's pending Presidential immunity motion until November 12, 2024, and he adjourned the potential sentencing date until November 26, 2024. These rulings are attached as Exhibits A and B.

     A Rule 8(a)(2) stay is appropriate, notwithstanding Justice Merchan's adjournments, in order to preserve President Trump's right under 28 U.S.C. § 1442(a)(1) to a fair and orderly litigation of the Presidential immunity defense in a federal forum. *See* Docket Entry 16 ¶ 11. Because of the significance of the Presidential immunity doctrine, the federal government and the public share an interest in that outcome—even if these novel and complex issues are to be addressed after the 2024 Presidential election. *Id.* For example, President Trump's ability to seek appellate review of the district court's ruling would be irreparably harmed, in the absence of a stay, because Justice Merchan could move forward with sentencing and a "judgment of conviction," 28 U.S.C. § 1455(b)(3), before this appeal is resolved. *See* Docket Entry 16 ¶¶ 9(b), 10. Furthermore, Justice Merchan's current schedule does not allow adequate time for interlocutory appellate review of a Presidential immunity ruling he is likely to issue before this appeal is resolved, which contradicts *Trump v. United States*, 144 S. Ct. 2312, 2343 (2024). Accordingly, while President Trump defers to the Court regarding whether an administrative stay is appropriate, a stay pursuant to Rule 8(a)(2) is still necessary to preserve the status quo.

     Respectfully Submitted,

     /s/ Emil Bove
     Todd Blanche
     Emil Bove
     Blanche Law PLLC

     *Attorneys for President Donald J. Trump*

Cc:    DANY attorneys of record

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
THE PEOPLE OF THE STATE OF NEW YORK,      :        **ORDER AND OPINION**
                                                               :        **DENYING MOTION FOR**
         -against-                                             :        **STAY**
                                                               :
DONALD TRUMP,                                     :        23 Civ. 3773 (AKH)
                                                               :
                              Defendant.          :
                                                               :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Defendant Donald J. Trump moves for a stay of my order of September 3, 2024 denying

leave to remove his New York State prosecution to this Court.  *See* ECF No. 52.  Under 28

U.S.C. § 1455, a state criminal defendant may file for removal of the state prosecution "not later

than thirty days after arraignment in the State court, or at any time before trial, whichever is

earlier[.]" 28 U.S.C. §1455(b)(1).  Once that period has expired, a defendant may file a removal

motion only if good cause is shown and if the district court, in its discretion, grants "the

defendant or defendants leave to file the notice at a later time." *Id.*  On September 3, 2024, Mr.

Trump moved for leave to file a Second Notice of Removal.  Because Mr. Trump had not shown

good cause, I denied that motion, and the case remains in the New York State Supreme Court.

*See* ECF No. 43.  Since I denied leave to file for removal, and thus there has been no removal

petition properly filed, there is no action in my order of October 3, 2024 to stay.  The motion is

denied as academic.  The Clerk of Court shall terminate ECF No. 52.


         SO ORDERED.

Dated:        September 6, 2024
              New York, New York                          ALVIN K. HELLERSTEIN
                                                          United States District Judge

# EXHIBIT B

Supreme Court
of the
State of New York



**JUAN M. MERCHAN**
JUDGE OF THE COURT OF CLAIMS
SUPREME COURT, CRIMINAL TERM
FIRST JUDICIAL DISTRICT

CHAMBERS
100 CENTRE STREET
NEW YORK, N.Y. 10013

<u>Via Email</u>

September 6, 2024

Todd Blanche, Esq.
99 Wall Street
Suite 4460
New York, NY 10005

ADA Matthew Collangelo
New York County District Attorney's Office
One Hogan Place
New York, NY 10013

Re: *People v. Trump*, Ind. No. 71543-2023

Dear Counsel:

By letter dated August 14, 2024, Defendant requests an adjournment of his sentencing, currently scheduled for September 18, 2024, until after the 2024 presidential election. He argues the adjournment is necessary to provide adequate time to "assess and pursue" appellate options in the event this Court denies his pending Criminal Procedure Law ("CPL") § 330.30 motion and to avoid the potential "politically prejudicial" impact that a public sentencing could have on him and his prospects in the upcoming election. He attempts to bolster his application by repeating a litany of perceived and unsubstantiated grievances from previous filings that do not merit this Court's attention and will not be addressed in this Decision. The People, by letter dated August 16, 2024, state that they "defer to the Court on the appropriate post-trial schedule that allows adequate time to adjudicate defendant's CPL § 330.30 motion[.]" Nonetheless, the People, "to assist the Court" with its determination, identify several reasons why an adjournment would be appropriate.

On August 29, 2024, Defendant informed this Court by letter that he had filed a second Removal Notice in the United States District Court for the Southern District of New York ("USDC-SDNY"). Defendant's motion was denied by Judge Hellerstein, and Defendant is currently appealing that decision to the Second Circuit Court of Appeals.

As a threshold matter, this Court finds that, despite the People's stated neutrality, they present concerns in their letter of August 16, 2024, in a manner which seemingly supports Defendant's application for an adjournment. The People certainly do not oppose, and a careful reading of their response can fairly be construed as a joinder of the motion.

Notably, had Defendant been sentenced on July 11, 2024, as originally scheduled, there would of course have been no cause for delay. However, on July 1, 2024, the Supreme Court of the United States rendered a historic and intervening decision in *Trump v. United* States, 144 S Ct 2347 [2024]. Relying on that decision, Defendant immediately sought leave of this Court to file a CPL § 330.30 motion to set aside the verdict on the instant matter and to dismiss the indictment. In light of the Supreme Court's decision which this Court must interpret and apply as appropriate, this Court granted Defendant leave to file his motion. Defendant's application to adjourn sentencing until after resolution of his motion was not opposed by the People in their July 2, 2024, letter response. To allow full briefing by both parties, and this Court the time necessary to adequately consider the motion, sentencing was rescheduled initially to September 6, 2024. It was then adjourned again to September 18, 2024, following the filing of a third defense motion for this Court's recusal. This now means that any adjournment, of even one week beyond September 18, will bring us within approximately 41 days of the 2024 presidential election.

This matter is one that stands alone, in a unique place in this Nation's history, and this Court has presided over it since its inception – from arraignment to jury verdict and a plenitude of motions and other matters in-between. Were this Court to decide, after careful consideration of the Supreme Court's decision in *Trump*, that this case should proceed, it will be faced with one of the most critical and difficult decisions a trial court judge faces - the sentencing of a defendant found guilty of crimes by a unanimous jury of his peers.

This adjournment request has now been decided in the same way this Court has decided every other issue that has arisen since the origination of this case, applying the facts and the law after carefully considering the issues and respective arguments of the parties to ensure that the integrity of the proceeding is protected, justice is served, and the independence of this judiciary kept firmly intact.

If Defendant's CPL § 330.30 motion is denied, the law requires the imposition of sentence following a guilty verdict without unreasonable delay. CPL § 380.30 (1). The public's confidence in the integrity of our judicial system demands a sentencing hearing that is entirely focused on the verdict of the jury and the weighing of aggravating and mitigating factors free from distraction or distortion. The members of this jury served diligently on this case, and their verdict must be respected and addressed in a manner that is not diluted by the enormity of the upcoming presidential election. Likewise, if one is necessary, the Defendant has the right to a sentencing hearing that respects and protects his constitutional rights.

Unfortunately, we are now at a place in time that is fraught with complexities rendering the requirements of a sentencing hearing, should one be necessary, difficult to execute. Thus, in accordance with certain of the grounds submitted by Defendant and the reasons for adjournment provided by the People coupled with the unique time frame this matter currently finds itself in, the decision on the CPL § 330.30 motion and the imposition of sentence will be adjourned to avoid any appearance—however unwarranted—that the proceeding has been affected by or seeks to affect the approaching Presidential election in which the Defendant is a candidate. The Court is a fair, impartial, and apolitical institution. Adjourning decision on the motion and sentencing, if such is required, should dispel any suggestion that the Court will have issued any decision or imposed sentence either to give an advantage to, or to create a disadvantage for, any political party and/or any candidate for any office. Adjournments for sentencing are routinely granted, often several times, in any number of other criminal matters pending in this courthouse, particularly when unopposed, for reasons ranging from personal circumstances to the scheduling needs of the parties involved. Given the unique facts and circumstances of this case, there is no reason why this Defendant should be treated any differently than any other.

This is not a decision this Court makes lightly but it is the decision which in this Court's view, best advances the interests of justice.

Therefore, it is hereby

ORDERED, that decision on Defendant's CPL § 330.30 motion to set aside the jury verdict and to dismiss the indictment will be handed down off-calendar on November 12, 2024; and it is further

ORDERED, that sentencing on this matter, if necessary, is adjourned to November 26, 2024, at 10am; and it is further

ORDERED, that Defendant's motion to preclude the People from filing a pre-sentence memorandum is DENIED. The People's submission, if any, will be filed with the Court under seal pursuant to CPL § 390.50(1).

The above constitutes the Decision and Order of the Court.

Juan M. Merchan
Acting Justice of the Supreme Court
Judge of the Court of Claims