# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

PEOPLE OF THE STATE OF NEW YORK,

    *Appellee,*

v.

DONALD J. TRUMP,

    *Appellant.*

No. 24-2299

# PEOPLE'S OPPOSITION TO DEFENDANT'S MOTION
# FOR A STAY PENDING APPEAL

1. Defendant Donald J. Trump—the defendant in a criminal proceeding pending in Supreme Court, New York County—seeks a stay of an order of the U.S. District Court of the Southern District of New York (Hellerstein, J.) denying him leave to file an untimely second notice of removal under 28 U.S.C. § 1455(b). This Court should deny the motion.

## BACKGROUND

2. On March 30, 2023, defendant was charged in New York state court with thirty-four counts of Falsifying Business Records in the First Degree in violation of Penal Law § 175.10. Shortly after arraignment, defendant timely filed his first notice of removal under 28 U.S.C. § 1442(a)(1). On July 19, 2023, after an evidentiary hearing, the district court remanded the case to state court; defendant filed a notice of appeal but subsequently abandoned the appeal. *See New York v. Trump*, 683 F. Supp. 3d 334, 337 (S.D.N.Y. 2023), *appeal dismissed*, 2023 WL 9380793 (2d Cir. Nov. 15, 2023). On May 30, 2024, a jury found defendant guilty of all thirty-four counts.

3. On July 10, 2024, defendant filed a post-trial motion to dismiss the indictment and vacate the jury's verdict based on the Supreme Court's intervening decision in *Trump v. United States*, 144 S. Ct. 2312

(2024). Defendant did not dispute that the criminal charges at issue here, unlike the ones in his federal criminal case, stemmed exclusively from defendant's "unofficial acts"—conduct for which "there is no immunity." *Id.* at 2332. But he argued that the People had improperly introduced certain evidence of purportedly official conduct to which presidential immunity attached, in violation of a separate holding in the Supreme Court's opinion. *See id.* at 2341.

4.      The People opposed the motion on multiple independent grounds. *See generally* People's Mem. of Law in Opp. to Def.'s Post-Trial Motion (July 24, 2024), *attached as* Ex. 18 *to* Dkt. No. 47, No. 23-3773 (S.D.N.Y. Aug. 29, 2024). First, defendant had failed to preserve an objection on immunity grounds to most of the evidence that was the subject of his motion. *Id.* at 9-12. Second, all of the evidence that he complained about either concerned wholly unofficial conduct or, at most, official conduct for which any presumption of immunity was rebutted. *Id.* at 12-34. And finally, even if the Supreme Court's decision required the exclusion of all of the evidence that defendant cited, there would still be no basis for disturbing the verdict because the other overwhelming

evidence of defendant's guilt meant that any error was harmless. *Id.* at 34-60.

5.   The state criminal court announced that it would issue a decision on defendant's post-trial immunity motion on September 16 and hold the sentencing hearing on September 18, 2024. On August 14, 2024, defendant moved to adjourn the sentencing until after the 2024 presidential election.

6.   On September 3, 2024, without waiting for the state criminal court's decision on his adjournment request, defendant sought leave from the district court to file a second notice of removal.[1] Leave was required under 28 U.S.C. § 1455(b)(1), which provides that a notice of removal of a criminal case must be filed within thirty days after arraignment and in any event before trial, but allows a district court to enter an order granting leave to file an untimely notice "for good cause shown." *Id.* Later that day, the district court issued an order denying leave to file, holding that defendant had failed to establish good cause (Ex. A).

---

[1] On August 29, 2024, defendant had purported to file the second notice of removal directly with the district court. Dkt. No. 46, No. 23-3773 (S.D.N.Y. Aug. 29, 2024). The district court appropriately rejected that filing because defendant had not yet obtained leave to file (Ex. C)

7. Defendant filed a notice of appeal from that order and asked this Court for a stay pending appeal and an administrative stay. *See* ACMS Dkt. No. 7. The People filed a letter opposing the request for an administrative stay. *See* ACMS Dkt. No. 14.

8. Simultaneously with the stay motion to this Court, defendant requested that the district court also issue a stay. Dkt. Nos. 52-53, No. 23-3773 (S.D.N.Y. Sept. 4, 2024). On September 6, 2024, the district court denied that motion (Ex. D). In doing so, the court made clear that it had "denied leave to file for removal, and thus there has been no removal petition properly filed" (*id.*).

9. Later that same day, the state criminal court announced that it would issue a decision on defendant's post-trial immunity motion on November 12, and accordingly adjourned defendant's sentencing to November 26, 2024 (Ex. E).

10. Also on the same day, a judge of this Court (Sullivan, J.) referred defendant's motion to the panel sitting on September 10, 2024. *See* ACMS Dkt. No. 17.

## REASONS TO DENY THE MOTION

11.    This Court should deny any stay pending appeal. The stay requested by defendant is not only legally unavailable, but also unnecessary in light of the state criminal court's adjournment of the sentencing.

12.    First, as an initial matter, defendant mischaracterizes the nature of this appeal in a way that leads him to request equitable relief that this Court cannot grant. Defendant's motion purports to seek a stay of "the district court's September 3, 2024 remand order" and assumes that such a stay would spare him from "litigat[ing] his Presidential immunity defense" in state court and from being sentenced. Def. Mot. ¶¶ 1, 38; *see also* ACMS Dkt. No. 22 (suggesting that a stay here would prevent the state criminal court from "mov[ing] forward with sentencing"). But the district court did not enter a remand order here because defendant never filed a proper notice of removal. Instead, as required by statute, defendant sought leave from the district court under 28 U.S.C. § 1455(b)(1) to file an untimely second notice of removal. *See* Dkt. Nos. 48-49, No. 23-3773 (S.D.N.Y. Sept. 3, 2024). In the order on appeal, the district court denied the motion, holding that "leave to remove the case is not granted" (Ex. A

at 4). As the district court subsequently made clear, because it had "denied leave to file for removal, . . . there has been no removal petition properly filed" (Ex. D).

13.    Thus, defendant is not appealing from and cannot seek any stay regarding a remand order, because the district court never entered one. Rather, the only order on appeal is the district court's denial of leave to file an untimely second notice of removal. And a "stay" of that order simply would not accomplish what defendant requests here—namely, a stay of the state criminal court's ruling on his post-trial immunity motion or a stay of his sentencing. *See* Def. Mot. ¶ 38. The sole effect of a stay of the actual order on appeal would be to restore the pendency of defendant's motion for leave to file an untimely second notice of removal. But the mere pendency of such a motion neither removes the state criminal case nor stays any aspect of the state criminal proceeding. Only a properly filed notice of removal could have such effects. By contrast, even with a stay of the order denying leave, defendant will *still* not have permission to file an untimely removal notice. There is thus no need for a stay that will redress none of the purported injuries that defendant claims here.

14.     To the extent that defendant is seeking a stay that would somehow *directly* affect the pending state criminal case, independently of any effect on the actual order on appeal, there is no authority for such free-standing injunctive relief against further state criminal proceedings. This Court and the Supreme Court have repeatedly recognized the "strong judicial policy against federal interference with state criminal proceedings." *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981); *see also O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (federal courts may not engage in "an ongoing federal audit of state criminal proceedings"); *Younger v. Harris*, 401 U.S. 37, 41 (1971) (describing "the national policy forbidding federal courts to stay or enjoin pending state court proceedings"); *Disability Rts. New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) ("Federal courts must abstain where a party seeks to enjoin an ongoing, parallel state criminal proceeding."). It would be extraordinarily disruptive and disrespectful to a "co-equal sovereign," *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002), for this Court to enjoin the final stages of a state criminal proceeding that has already proceeded to a jury verdict and is awaiting only post-verdict rulings and sentencing.

7

15. Second, even setting aside the legal unavailability of the relief that defendant requests, there is no need for this Court to issue a stay. Again, defendant's principal complaint of "irreparable harm" stemmed from the prospect that he might imminently be sentenced in the state criminal case prior to the presidential election and without an adequate opportunity to pursue an interlocutory appeal of his presidential immunity claim in state court. *See* Def. Mot. ¶¶ 36-39. But after defendant filed his motion, the state criminal court adjourned sentencing to November 26, 2024, and further agreed to issue a decision on defendant's post-trial immunity motion two weeks before sentencing (Ex. E).

16. That adjournment eliminates any exigency or irreparable injury that would support a stay pending appeal here. There is now no chance that defendant will be sentenced, let alone incarcerated, "in the final weeks of the Presidential election, while early voting is ongoing." Def. Mot. ¶ 39. And although defendant now claims an interest in having his appeal decided "after the 2024 Presidential election," ACMS Dkt. No. 22, there is more than enough time for this Court to resolve this appeal before the adjourned sentencing date of November 26 under only a modestly expedited briefing schedule that would not require any interim

injunctive relief. *Cf.* Local Rule 31.2(b)(3) (schedule for expedited appeals calendar).

17.    There is also no exigency in the state courts. The trial court's decision to release his post-trial immunity ruling two weeks before sentencing gives defendant more than ample opportunity to pursue any interlocutory appeal—and interim stay relief—that may be available. Defendant's claim that the schedule "does not allow adequate time for interlocutory appellate review" in the state courts, ACMS Dkt. No. 22, is simply false: New York law has its own procedures for both interim stays and expedited appeals, *see* N.Y. C.P.L.R. 5519(c), 5521(a), and nothing prevents defendant from invoking those procedures if necessary. Thus, given the state criminal court's adjournment of sentencing, there is simply no pressing need for this Court to issue any stay motion, whether for purposes of this appeal or for any state-court appeal that defendant may pursue.

18.    Finally, a stay is not warranted because defendant's appeal would be meritless. For one thing, this Court likely lacks jurisdiction to entertain the appeal—and thus has no power to issue the interim equitable relief that he has requested. Federal law provides that most

9

remand decisions are "not reviewable on appeal or otherwise." 28 U.S.C. 1447(d). There is a narrow exception for "an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. §] 1442," which provides for federal-officer removal. *Id.* But the district court's order here was not an "order remanding a case"; instead, the court denied defendant leave to file an untimely second notice of removal. Nothing in the federal-removal statute provides that such an order is subject to any exception to the default no-appeal rule.

19.   The district court also correctly concluded that there was no "good cause" to allow defendant to file a second notice of removal nearly one-and-a-half years after 28 U.S.C. § 1455(b)(1)'s thirty-day deadline. As the district court properly found, defendant's complaints about the district attorney's purported bias, the trial court's supposed conflict of interest, and that court's allegedly improper review of the immunity issue were nothing more than an improper effort to have a federal district court conduct appellate review of a state court's decisions (Ex. A at 2).

20.   Moreover, the intervening Supreme Court decisions that defendant cites—including *Trump v. United States*, 144 S. Ct. 2312 (2024)—did not affect the basis of the district court's prior remand order.

10

The district court previously found, in an opinion that defendant declined to appeal, that the conduct for which defendant faces state criminal charges involved "private, unofficial acts, outside the bounds of executive authority" (Ex. A at 3). The Supreme Court's recent ruling reaffirmed that "[a]s for a President's unofficial acts, there is no immunity." 144 S. Ct. at 2332. And although the Supreme Court separately held that certain evidence of "official conduct for which the President is immune" may not be introduced "even on charges that purport to be based only on his unofficial conduct," *id.* at 2341, the People have argued in their post-trial filing in state court that this holding has no bearing on the evidence presented in this case, and would not disturb the jury's verdict even if it were relevant because of the other overwhelming evidence of defendant's guilt. *See* People's Mem. of Law in Opp. to Def.'s Post-Trial Motion.

21.    In any event, even assuming that the People had introduced evidence that would be affected by the Supreme Court's ruling, the mere use of such evidence in the state criminal prosecution would not mean that the underlying criminal charges would necessarily "relat[e] to any act under color of such office," as would be required for federal-officer removal, 28 U.S.C. § 1442(a)(1). Defendant's claim that the use of *any*

evidence of immune conduct satisfies the statute, ACMS Dkt. No. 16 ¶ 6(c), is incorrect. Courts "[l]ook[] to the heart of the indictment" to determine "a defendant's culpable 'act' for purposes of federal-officer removal." *State v. Meadows*, 88 F.4th 1331, 1344 (11th Cir. 2023). Under this standard, evidence that is merely relevant to criminal charges—and that is not even essential to defendant's conviction, as the People have argued in the state criminal court, s*ee* People's Mem. of Law in Opp. to Def.'s Post-Trial Motion 34-60—has no bearing on federal-officer removal.

22. Defendant's inability to file an untimely second notice of removal here does not, of course, prevent him from challenging his conviction on immunity grounds. Instead, it appropriately routes his objections to the state criminal court that is already considering defendant's fully briefed post-trial motion to dismiss, and to the state appellate courts that could consider any appeal he may choose to pursue. The district court properly found no good cause to interfere with state criminal proceedings that already provide defendant with a full opportunity to raise his post-trial immunity claims. This Court should likewise reject defendant's attempt to improperly circumvent the New York State courts.

## CONCLUSION

The Court should deny defendant's motion.

Dated:     New York, New York
           September 9, 2024

                         Respectfully submitted,

                         ALVIN L. BRAGG, JR.
                         *District Attorney*
                         *New York County*

                         By: */s/* Steven C. Wu
                         STEVEN C. WU
                         Chief, Appeals Division

                         Alan Gadlin, Deputy Chief
                         Philip V. Tisne, Assistant District Attorney

                         New York County District Attorney's Office
                         1 Hogan Place
                         New York, NY 10013

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, Steven C. Wu, an employee in the New York County District Attorney's Office, hereby certifies that according to the word count feature of the word processing program used to prepare this document, the document contains 2,470 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).


        /s/ Steven C. Wu

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                    :

THE PEOPLE OF THE STATE OF NEW YORK,   :

      -against-                        :

DONALD TRUMP,                           :

                     Defendant.    :

                                      :
------------------------------------------------------------- x

**ORDER AND OPINION
DENYING MOTION FOR
LEAVE TO FILE REMOVAL
PAPERS**

23 Civ. 3773 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

     Former President Donald Trump again seeks removal of the criminal case against him, from the Supreme Court of New York to this Court.[1]  Upon removal, as the district judge to whom this case was assigned, my task, pursuant to 28 U.S.C. § 1455(b)(4), is to "examine the notice promptly," and if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," I am to "make an order for summary remand."  If summary remand is not appropriate, I am to "order an evidentiary hearing to be held promptly and, after such hearing, [to] make such disposition of the prosecution as justice shall require."  28 U.S.C. § 1455(b)(5).  Since Defendant filed his notice after he was tried, he must show "good cause" and seek "leave" from the district court "to file the notice at a later time."  28 U.S.C. § 1455(b)(1).  The second notice may argue only "grounds not existing at the time of the original notice," or show "good cause" why the district court should "grant relief from the limitations above stated.  28 U.S.C. § 1455(b)(2).

     Defendant seeks leave from this Court to file a second notice of removal.  As to "good cause," he advances two grounds.  First, he asserts that the New York courts were biased against

---

[1] Mr. Trump requests, in the alternative, that he be permitted to amend the First Removal Notice.  Because the prosecution was completed through trial, this request is denied as academic.

him, resulting in an improper trial. As support for this argument, Trump writes that Judge Merchan had a conflict of interest in presiding over the trial, as evidenced by his daughter's statements concerning her father's views on politicians' use of twitter; by Judge Merchan's daughter's involvement in Vice President Kamala Harris's 2019 presidential campaign; and by Judge Merchan's prior financial contributions to Democratic politicians. Mr. Trump also states that Judge Merchan failed to conduct the proper pretrial review of the presidential immunity issue in light of intervening Supreme Court decisions, and prohibited Mr. Trump from pursuing interlocutory review of that decision. Second, Mr. Trump argues that *Trump v. United States*, 603 U.S. __ (No. 23-939, July 1, 2024) grants him immunity from prosecution.

This Court does not have jurisdiction to hear Mr. Trump's arguments concerning the propriety of the New York trial. "The jurisdiction possessed by the District Courts is strictly original." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). District courts may not reverse or modify state judgments, even those containing constitutional infirmities, because "[t]o do so would be an exercise of appellate jurisdiction." *Id.* at 415-16; *see also Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (discussing how federal courts generally lack jurisdiction over suits that are, in essence, appeals from state court judgments). Instead, the proper recourse for parties seeking to remedy alleged errors made during a state trial is to pursue a state appeal or, at the highest level, to seek review from the Supreme Court of the United States. *Id.* It would be highly improper for this Court to evaluate the issues of bias, unfairness or error in the state trial.[2] Those are issues for the state appellate courts. Accordingly, only the second ground argued by Mr. Trump deserves attention.

---

[2] Mr. Trump also implicitly requests that this Court enjoin the state sentencing set for September 18, 2024. For the same reasons set out in this paragraph under the Rooker-Feldman doctrine, this request is improper and outside of the district court's jurisdiction.

## I.    DISCUSSION

In *Trump*, the Supreme Court held that a former President is entitled to absolute immunity from criminal prosecution for actions taken in exercise of his core constitutional powers, to at least presumptive immunity for acts within the outer perimeter of his official responsibility, and to no immunity for his unofficial acts.  Criminal courts trying the former President are required to evaluate his actions to distinguish official from unofficial conduct.  *Trump*, 603 U.S. at 17.  The outer perimeter of the former President's official responsibilities extends to those actions that were "'not manifestly or palpably beyond his authority.'"  *Id.* (citing *Blassingame v. Trump*, 87 F. 4th 1, 13 (D.C. Cir. 2023)).  Private schemes with private actors, unconnected to any statutory or constitutional authority or function of the executive, are considered unofficial acts.  *See id.* at 27-28.

I held in my Order and Opinion of July 19, 2023 (ECF No. 43) that "[h]ush money paid to an adult film star is not related to a President's official acts.  It does not reflect in any way the color of the President's official duties." *Id.* at 13.  My holding followed an evidentiary hearing where The People showed conclusively that Mr. Trump reimbursed Michael Cohen for advancing the hush money payments, including two checks signed in the White House by Mr. Trump.  I held that Mr. Trump had not satisfied the burden of proof required to show the basis of removal.  My holding of a hush money reimbursement remains true regardless of who has the burden, whether the People or Mr. Trump.  Nothing in the Supreme Court's opinion affects my previous conclusion that the hush money payments were private, unofficial acts, outside the bounds of executive authority.

## II.    CONCLUSION

It "clearly appears on the face of the notice and . . . exhibits attached thereto" that removal should not be permitted.  Good cause has not been shown, and leave to remove the case is not granted.  The Clerk shall terminate ECF No. 48.


SO ORDERED.

Dated:        September 3, 2024
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

# Exhibit B

| | |
|---|---|
| **From:** | Stephen Suhovsky |
| **To:** | Colangelo, Matthew; Hon. Juan M. Merchan; Michele D. Hendricks; Todd Blanche; Emil Bove; Kendra Wharton; Stephen Weiss; Susan Necheles; Gedalia Stern; Steinglass, Joshua; Hoffinger, Susan; Conroy, Christopher; Mangold, Rebecca; ▮▮▮▮▮ |
| **Subject:** | [EXTERNAL] RE: People v. Trump, Ind. No. 71543-23, re: People"s response to defendant"s adjournment request |
| **Date:** | Monday, August 19, 2024 11:46:51 AM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

The Court is in receipt of the Defendant's letter dated August 14, 2024 seeking an adjournment of sentencing until after the Presidential election. The Court is also in receipt of the People's letter dated August 16, 2024 that did not oppose or consent to the Defendant's application but provided the Court with factors to assist it when considering whether Defendant's request should be granted. The Court will render a decision on this request on or before September 5, 2024.


Stephen M. Suhovsky
Principal Law Clerk to the Hon. Juan M. Merchan
New York County Supreme Court, Criminal Term
100 Centre Street
New York, NY 10013
▮▮▮▮▮▮▮

---

**From:** Colangelo, Matthew <ColangeloM@dany.nyc.gov>
**Sent:** Friday, August 16, 2024 4:36 PM
**To:** Hon. Juan M. Merchan ▮▮▮▮▮▮▮▮▮▮▮; Stephen Suhovsky ▮▮▮▮▮▮▮▮▮▮; Michele D. Hendricks ▮▮▮▮▮▮▮▮▮▮▮; Todd Blanche <todd.blanche@blanchelaw.com>; Emil Bove <emil.bove@blanchelaw.com>; Kendra Wharton <kendra.wharton@blanchelaw.com>; Stephen Weiss <stephen.weiss@blanchelaw.com>; Susan Necheles <srn@necheleslaw.com>; Gedalia Stern <gstern@necheleslaw.com>; Steinglass, Joshua <STEINGLASSJ@dany.nyc.gov>; Hoffinger, Susan <HoffingerS@dany.nyc.gov>; Conroy, Christopher <CONROYC@dany.nyc.gov>; Mangold, Rebecca <MangoldR@dany.nyc.gov>; ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮
**Subject:** People v. Trump, Ind. No. 71543-23, re: People's response to defendant's adjournment request

Dear Justice Merchan,

The People respectfully submit the attached response to defendant's August 14, 2024 submission.

Using standard type-size and margins, this response slightly exceeds the Court's one-page limit. The People respectfully request leave to modestly exceed that page limit given the length of defendant's submission.

We will file a hard copy with the Clerk in Part 59 after defense counsel has an opportunity to review and request any redactions.

Respectfully submitted,
Matthew Colangelo

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

Please be CAREFUL when clicking links or opening attachments from external senders.

# Exhibit C

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | [EXTERNAL] Activity in Case 1:23-cv-03773-AKH People of The State of New York v. Trump Notice to Attorney Regarding Deficient Pleading |
| **Date:** | Friday, August 30, 2024 4:16:49 PM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 8/30/2024 at 4:15 PM EDT and filed on 8/30/2024
**Case Name:**     People of The State of New York v. Trump
**Case Number:**     1:23-cv-03773-AKH
**Filer:**
**WARNING: CASE CLOSED on 07/19/2023**
**Document Number:** No document attached

**Docket Text:**
**\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Emil Bove to RE-FILE re: Document No. [46] Notice of Removal. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the pleading is not correct; the wrong event type was used to file the pleading; Court's leave has not been granted; the order granting permission to file the pleading was not attached. Re-file the pleading using the event type Amended Notice of Removal found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. File the Exhibit to Pleading event found under the event list Other Documents and attach either opposing party's written consent or Court's leave. (vf)**

**1:23-cv-03773-AKH Notice has been electronically mailed to:**

Susan D. Hoffinger     hoffingers@dany.nyc.gov

Susan Rose Necheles     srn@necheleslaw.com

Matthew Colangelo     colangelom@dany.nyc.gov

Todd Blanche     toddblanche@blanchelaw.com

Philip Vyse Tisne     tisnep@dany.nyc.gov

Emil Bove     emil.bove@blanchelaw.com, USANYS.ECF@USDOJ.GOV

Steven Chiajon Wu     wus@dany.nyc.gov

Catherine McCaw     mccawc@dany.nyc.gov

Katherine Caldwell Ellis     ellisk@dany.nyc.gov

Christopher Conroy, I     conroyc@dany.nyc.gov

**1:23-cv-03773-AKH Notice has been delivered by other means to:**

Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
:
THE PEOPLE OF THE STATE OF NEW YORK,   :
:
    -against-   :
:
DONALD TRUMP,   :
:
                     Defendant.   :
:
-------------------------------------------------------------- x

**ORDER AND OPINION
DENYING MOTION FOR
STAY**

23 Civ. 3773 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Donald J. Trump moves for a stay of my order of September 3, 2024 denying

leave to remove his New York State prosecution to this Court. *See* ECF No. 52. Under 28

U.S.C. § 1455, a state criminal defendant may file for removal of the state prosecution "not later

than thirty days after arraignment in the State court, or at any time before trial, whichever is

earlier[.]" 28 U.S.C. §1455(b)(1). Once that period has expired, a defendant may file a removal

motion only if good cause is shown and if the district court, in its discretion, grants "the

defendant or defendants leave to file the notice at a later time." *Id.* On September 3, 2024, Mr.

Trump moved for leave to file a Second Notice of Removal. Because Mr. Trump had not shown

good cause, I denied that motion, and the case remains in the New York State Supreme Court.

*See* ECF No. 43. Since I denied leave to file for removal, and thus there has been no removal

petition properly filed, there is no action in my order of October 3, 2024 to stay. The motion is

denied as academic. The Clerk of Court shall terminate ECF No. 52.

      SO ORDERED.

Dated:      September 6, 2024
              New York, New York

                         ALVIN K. HELLERSTEIN
                         United States District Judge

# Exhibit E

Supreme Court
of the
State of New York



**JUAN M. MERCHAN**
JUDGE OF THE COURT OF CLAIMS
SUPREME COURT, CRIMINAL TERM
FIRST JUDICIAL DISTRICT

CHAMBERS
100 CENTRE STREET
NEW YORK, N.Y. 10013

<u>Via Email</u>

September 6, 2024

Todd Blanche, Esq.
99 Wall Street
Suite 4460
New York, NY 10005

ADA Matthew Collangelo
New York County District Attorney's Office
One Hogan Place
New York, NY 10013

Re: *People v. Trump*, Ind. No. 71543-2023

Dear Counsel:

By letter dated August 14, 2024, Defendant requests an adjournment of his sentencing, currently scheduled for September 18, 2024, until after the 2024 presidential election. He argues the adjournment is necessary to provide adequate time to "assess and pursue" appellate options in the event this Court denies his pending Criminal Procedure Law ("CPL") § 330.30 motion and to avoid the potential "politically prejudicial" impact that a public sentencing could have on him and his prospects in the upcoming election. He attempts to bolster his application by repeating a litany of perceived and unsubstantiated grievances from previous filings that do not merit this Court's attention and will not be addressed in this Decision. The People, by letter dated August 16, 2024, state that they "defer to the Court on the appropriate post-trial schedule that allows adequate time to adjudicate defendant's CPL § 330.30 motion[.]" Nonetheless, the People, "to assist the Court" with its determination, identify several reasons why an adjournment would be appropriate.

On August 29, 2024, Defendant informed this Court by letter that he had filed a second Removal Notice in the United States District Court for the Southern District of New York ("USDC-SDNY"). Defendant's motion was denied by Judge Hellerstein, and Defendant is currently appealing that decision to the Second Circuit Court of Appeals.

As a threshold matter, this Court finds that, despite the People's stated neutrality, they present concerns in their letter of August 16, 2024, in a manner which seemingly supports Defendant's application for an adjournment. The People certainly do not oppose, and a careful reading of their response can fairly be construed as a joinder of the motion.

Notably, had Defendant been sentenced on July 11, 2024, as originally scheduled, there would of course have been no cause for delay. However, on July 1, 2024, the Supreme Court of the United States rendered a historic and intervening decision in *Trump v. United* States, 144 S Ct 2347 [2024]. Relying on that decision, Defendant immediately sought leave of this Court to file a CPL § 330.30 motion to set aside the verdict on the instant matter and to dismiss the indictment. In light of the Supreme Court's decision which this Court must interpret and apply as appropriate, this Court granted Defendant leave to file his motion. Defendant's application to adjourn sentencing until after resolution of his motion was not opposed by the People in their July 2, 2024, letter response. To allow full briefing by both parties, and this Court the time necessary to adequately consider the motion, sentencing was rescheduled initially to September 6, 2024. It was then adjourned again to September 18, 2024, following the filing of a third defense motion for this Court's recusal. This now means that any adjournment, of even one week beyond September 18, will bring us within approximately 41 days of the 2024 presidential election.

This matter is one that stands alone, in a unique place in this Nation's history, and this Court has presided over it since its inception – from arraignment to jury verdict and a plenitude of motions and other matters in-between. Were this Court to decide, after careful consideration of the Supreme Court's decision in *Trump*, that this case should proceed, it will be faced with one of the most critical and difficult decisions a trial court judge faces - the sentencing of a defendant found guilty of crimes by a unanimous jury of his peers.

This adjournment request has now been decided in the same way this Court has decided every other issue that has arisen since the origination of this case, applying the facts and the law after carefully considering the issues and respective arguments of the parties to ensure that the integrity of the proceeding is protected, justice is served, and the independence of this judiciary kept firmly intact.

If Defendant's CPL § 330.30 motion is denied, the law requires the imposition of sentence following a guilty verdict without unreasonable delay. CPL § 380.30 (1). The public's confidence in the integrity of our judicial system demands a sentencing hearing that is entirely focused on the verdict of the jury and the weighing of aggravating and mitigating factors free from distraction or distortion. The members of this jury served diligently on this case, and their verdict must be respected and addressed in a manner that is not diluted by the enormity of the upcoming presidential election. Likewise, if one is necessary, the Defendant has the right to a sentencing hearing that respects and protects his constitutional rights.

Unfortunately, we are now at a place in time that is fraught with complexities rendering the requirements of a sentencing hearing, should one be necessary, difficult to execute. Thus, in accordance with certain of the grounds submitted by Defendant and the reasons for adjournment provided by the People coupled with the unique time frame this matter currently finds itself in, the decision on the CPL § 330.30 motion and the imposition of sentence will be adjourned to avoid any appearance—however unwarranted—that the proceeding has been affected by or seeks to affect the approaching Presidential election in which the Defendant is a candidate. The Court is a fair, impartial, and apolitical institution. Adjourning decision on the motion and sentencing, if such is required, should dispel any suggestion that the Court will have issued any decision or imposed sentence either to give an advantage to, or to create a disadvantage for, any political party and/or any candidate for any office. Adjournments for sentencing are routinely granted, often several times, in any number of other criminal matters pending in this courthouse, particularly when unopposed, for reasons ranging from personal circumstances to the scheduling needs of the parties involved. Given the unique facts and circumstances of this case, there is no reason why this Defendant should be treated any differently than any other.

This is not a decision this Court makes lightly but it is the decision which in this Court's view, best advances the interests of justice.

Therefore, it is hereby

ORDERED, that decision on Defendant's CPL § 330.30 motion to set aside the jury verdict and to dismiss the indictment will be handed down off-calendar on November 12, 2024; and it is further

ORDERED, that sentencing on this matter, if necessary, is adjourned to November 26, 2024, at 10am; and it is further

ORDERED, that Defendant's motion to preclude the People from filing a pre-sentence memorandum is DENIED. The People's submission, if any, will be filed with the Court under seal pursuant to CPL § 390.50(1).

The above constitutes the Decision and Order of the Court.

Juan M. Merchan
Acting Justice of the Supreme Court
Judge of the Court of Claims